Jones, Chief Judge,
delivered the opinion of the court:
This is a suit for active duty pay for the period from January 22,1920, to September 21,1922.
The plaintiff enlisted in the United States Navy on June 16, 1898, and served on active duty through successive enlistments until August 9, 1919, when he was placed in confinement awaiting trial by general court-martial. He was convicted on October 7, 1919, and sentenced to 60 months’ confinement and to be dishonorably discharged from the naval service. The sentence was approved on January 22, 1920, *295 and tbe plaintiff remained in confinement until September 21, 1922, when be was issued a dishonorable discharge from the United States Navy.
On July 6,1937, the Congress passed Private Law 198, 50 Stat. 1014, which provided that as to rights, privileges and benefits plaintiff was to be considered as honorably discharged on September 21, 1922, but that no bounty, bade pay, pension or allowance should be held to have accrued prior to passage of the act.
On June 28, 1938, another private law (No. 804) was enacted for plaintiff’s relief which permitted plaintiff to re-enlist and be transferred immediately to the Fleet Keserve. This act (52 Stat. 1432) also prohibited any back pay or allowances.
Plaintiff re-enlisted, was immediately transferred to the Fleet Reserve, was retired July 20, 1938, and for longevity pay purposes was credited with all his services in the Navy except his period of confinement. He was thus credited with 20 years 5 months 15 days’ service.
Plaintiff was recalled to active duty on August 4, 1941, and served on active duty until January 7, 1944. While in the active service plaintiff was, on November 1, 1943, transferred to the retired list for physical disability incurred in the line of active duty.
On August 31, 1954, Private Law 929, 68 Stat. A256, was passed for the relief of plaintiff. It reads as follows:
AN ACT
For the relief of James Philip Coyle.
Be it enacted by the Senate and House of Representar tines of the United States of America in Congress assembled, That, for purposes of computing increases in pay for length of service, James Philip Coyle, chief water tender, United States Navy, retired, shall be credited, in addition to any other service to which he may be entitled, with service for the period August 9, 1919, to and including September 21, 1922. Credit for this additional service shall be effective as of July 20, 1938. Current applicable appropriations shall be available for the payment of any claims resulting from the enactment of this Act.
*296 Plaintiff is now receiving retainer or retired pay computed upon Ms active service, including the period from August 9, 1919, through September 21, 1922. However, plaintiff has never received active duty pay or allowances for the period January 22,1920, through September 21,1922, this being the period during which he was in prison. Plaintiff claims that the special act, quoted above, by its terms entitles him to active duty pay for that period. The defendant takes the position that the law by its terms is limited to increases in pay for length of service, and that for retirement purposes he is being credited for the length of services including the time of imprisonment.
It seems clear from the literal wording of the act that its purpose was to give credit for purposes of retirement to plaintiff for the time during which he was imprisoned. The act makes no reference to regular pay for that period. It will be noted that in the previous relief act, Private Law 198, 50 Stat. 1014, it was provided that plaintiff should receive an honorable discharge, but that “no bounty, back pay, pension, or allowance shall be held to have accrued prior to the passage of this Act.” The same specific provisions were included in the act of June 28,1938, Private Law 804, sufra. Since these acts specifically mentioned back pay and forbade such payment it becomes all the more apparent that the simple and direct language of Private Law 929 limited the further relief of plaintiff to credit for length of service, including the time plaintiff was imprisoned. It made no mention of active duty pay for that period. This adds further emphasis to the apparent intent of the Congress as simply and directly stated in the language of Private Law 929.
A very clear statement of the reasons for, as well as the purposes of, the bill is set out in a letter from Maj. Gen. Melvin J. Maas, IISMCR (Ret.). General Maas served many years on the Naval Affairs Committee in the House of Representatives and also served with great distinction with the Navy in the South Pacific during World War II. His letter is included at page 3 of House Report 1649 submitted in connection with H. R. 6332, which became Private Law 929 which is now before us for construction. It will be noted that Gen. Maas in his letter makes this statement:
*297 Coyle should never have been imprisoned and as a matter of justice should have had his full pay at the time he served in prison. However, this is not being asked for by anyone.
Plaintiff’s conviction was evidently a case of mistaken identity.
We agree thoroughly with the statement of Gen. Maas, as quoted in the Committee Report, that if plaintiff was unjustly imprisoned he should be paid for the time that he thus served.
However, the language of the act is unmistakably clear and we have no authority to grant pay in the circumstances, since in our system of government this function is the province of Congress.
When a man while in the service of his country is made to serve a term in prison through a mistake in identity for an offense committed by someone else, it would seem that he would be equitably entitled to receive full pay for the time of such unjust imprisonment. Any additional relief of this kind, however, is a matter that should be addressed to the discretion of the Congress.
Defendant’s motion is granted and the plaintiff’s petition is dismissed.
It is so ordered.
Laramore, Judge; MaddeN, Judge; Whitaker, Judge; and LittletoN, Judge, concur.